```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

MICHELLE ROSEMARY JACKSON,      )
                                )
               Plaintiff,       )
                                )
v.                              )   Case No. CIV-22-365-JAR
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
               Defendant.       )
```

**Corrected**
<u>**OPINION AND ORDER**</u>

Plaintiff Michelle Rosemary Jackson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **AFFIRMED**. This Corrected Opinion and Order is entered to correct a scrivener's error in the final paragraph. Since the Judgment previously entered in this case is not corrected, it will stand as the Judgment in this case.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v.

---

Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 32 years old at the time of the ALJ's latest

decision. Claimant completed her education through the seventh grade. Claimant has no past relevant work. Claimant alleges an inability to work beginning February 1, 2015 due to limitations resulting from bilateral carpal tunnel syndrome, rheumatoid arthritis, obesity, major depression, anxiety, PTSD, fibromyalgia, thyroid problems, nightmares, and fatty liver disease.

### Procedural History

On April 16, 2020, Claimant protectively filed for Supplemental Security Income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 17, 2021, Administrative Law Judge ("ALJ") Gregory Moldafsky conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic. On March 17, 2022, the ALJ issued an unfavorable decision. On October 20, 2022, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that, while Claimant suffered from

5

severe impairments, he retained the residual functional capacity ("RFC") to perform work at the light exertional level.

## Error Alleged for Review

Claimant asserts the ALJ erred in (1) failing to consider the reasoning level of the jobs identified at step five; and (2) the representative job of marker is precluded by the RFC and the ALJ's hypothetical questions.

## Step Five Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairments of bilateral carpal tunnel syndrome, inflammatory arthritis to the bilateral hands and knees, obesity, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (Tr. 17). The ALJ found none of Claimant's conditions met a listing. (Tr. 19-21). As a result of the limitations caused by her severe impairments, Claimant was found to retain the residual functional capacity to perform light work. (Tr. 21). In so doing, the ALJ determined Claimant could occasionally climb ramps/stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, balance, and crouch; never crawl; frequently handle and finger with the bilateral upper extremities;

never work at unprotected heights; was able to perform simple (as defined in the DOT as SVP ratings 1 and 2), repetitive tasks in a work environment that is not fast paced (e.g, production rate pace) with no more than incidental interaction with the general public (can be around people but job responsibilities do not require interacting with public) and occasional interaction with co-workers and supervisors in a job where changes in work setting and processes are few. (Tr. 21).

After consultation with a vocational expert, the ALJ determined that Claimant could perform the representative jobs at a light exertional level of marker, router, and packager. (Tr. 28). The vocational expert also identified representative jobs at the sedentary exertional level of document preparer, addresser, and mender. Id. However, the ALJ rejected the hypothetical where these jobs were identified because "the evidence does not support such further limitations . . . ." (Tr. 29). Consequently, the ALJ found that Claimant had not been under a disability from April 16, 2020, the date the application was filed. Id.

Claimant contends that all of the jobs identified by the ALJ at step five required a reasoning level of 2 which is inconsistent with the RFC restricting Claimant to "simple, repetitive tasks."

The jobs requiring light work identified by the vocational expert and adopted by the ALJ include marker (*Dictionary of Occupational Titles* ("DOT") #209.587-014), router (DOT #222.587-038) and packager (DOT #559.687-074) all require a GED reasoning level of 2. Reasoning level two requires a claimant to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Dictionary of Occupational Titles.* Claimant asserts that the ALJ erred in failing to resolve the conflict between the vocational expert's testimony that she could perform the two identified representative jobs and the DOT.

Claimant was found to be able to perform simple, repetitive tasks in a work environment that is not face paced. (Tr. 21). This Court has found that a level two reasoning level is consistent with an RFC limitation to simple and routine work tasks, following the Tenth Circuit case of Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). The representative jobs identified by the vocational expert are consistent with the DOT and the ALJ's reliance upon that testimony was not erroneous.

Claimant also contends the job of marker should be eliminated

as a representative job available to her given her RFC because it requires fast paced work which the ALJ specifically excluded in the RFC. Claimant is apparently basing this position on the fact the DOT included a "temperament factor". This factor, however, does not indicate face pace or production rate pace. *See, e.g.* Mary Denise B. v. Kijakazi, 2022 WL 4394546, at *4 (E.D. Wash. Sept. 22, 2022). Nothing in the job description for a marker would indicate face pace work. (DOT #209.587-034). Moreover, the vocational expert testified that the marker job was "project oriented" and "not part of a line, not part of an assembly process" which would appear to remove the possibility of face paced production being required. (Tr. 54). The vocational expert also testified his testimony was consistent with the DOT. (Tr. 56).

This Court concludes that the marker job should not be eliminated from step five consideration for Claimant based upon the stated RFC. As such is the case, a job in significant numbers has been identified as available for Claimant's RFC. No error is attributed to the ALJ's step five analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 9th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE